United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DEO NIYOMUGABO,

Plaintiff,

v.

KRISTI NOEM, et al.,

Defendants.

Case No. 25-cv-02307-LB

**ORDER GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS**

Re: ECF No. 20

## INTRODUCTION AND STATEMENT

Plaintiff Deo Niyomugabo, a Rwandan citizen, applied for asylum in the United States on July 8, 2021.[1] Because the defendants have not yet scheduled an interview, the plaintiff sought mandamus relief under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, to compel the defendants to act on his asylum application.[2] The defendants moved for summary judgment, contending that plaintiff's mandamus claim is not viable and that the defendants have not unreasonably delayed his interview under the APA.[3] The defendants submitted declarations explaining the asylum process, the ability of asylum applicants

[1] Compl. – ECF No. 1 at 2 (¶¶ 2–3), 3 (¶¶ 11, 18). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1 (¶ 1), 2 (¶¶ 5–6), 4 (¶¶ 23–26, 28).

[3] Mot. – ECF No. 20 at 17–28.

United States District Court
Northern District of California

to obtain an employment-authorization document, and the defendants' asylum scheduling and backlog management.[4] *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1172–73 (N.D. Cal. 2023) (summarizing equivalent declarations from the same officials or their predecessors). The Director of the San Francisco Asylum Office declares that the plaintiff was granted an employment-authorization document on January 11, 2022, which the plaintiff renewed in September 2023.[5] On June 6, 2025, following the plaintiff's request in October 2024, the San Francisco Asylum Office placed the plaintiff on the short-notice list, which allows willing applicants to be scheduled on short notice for interviews if an interview slot becomes unexpectedly available.[6] Also, the plaintiff has not requested advance parole (to travel outside the United States and then return) or "requested an expedited adjudication . . . to address urgent humanitarian emergencies."[7]

The court has subject-matter jurisdiction. 28 U.S.C. § 1331. All parties consented to magistrate-judge jurisdiction.[8] *Id.* § 636(c). The court can decide the motion without oral argument. Civil L.R. 7-1(b). Summary judgment is granted because the defendants have not unreasonably delayed acting on the plaintiff's asylum application.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if it may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49.

Relevantly here, the government initially must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "When the nonmoving party

---

[4] Friend Decl. – ECF No. 20-1; Lehman Decl. – ECF No. 20-2; Lassen Decl. – ECF No. 20-3.

[5] Lehman Decl. – ECF No. 20-2 at 4 (¶¶ 18–19).

[6] *Id.* (¶ 15).

[7] *Id.* at 4 (¶ 16), 5 (¶ 20).

[8] Consents – ECF Nos. 18, 19.

has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325). If the moving party meets its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Id.* (cleaned up). If the non-moving party does not produce evidence to show a genuine issue of material fact, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

The court views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## ANALYSIS

Under the APA, the court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up). The court does so here.

"[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 1135–36 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "Thus, a court may compel agency action under the APA when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in performing such duty." *Id.* at 1135 (cleaned up).

Under the Immigration and Nationality Act, "in the absence of exceptional circumstances, the initial interview or hearing on [an] asylum application shall commence not later than [forty-five] days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). But "[n]othing in this

United States District Court
Northern District of California

subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

The government asserts two grounds for summary judgment: mandamus relief is not available to compel the scheduling of an asylum interview, and the USCIS has not unreasonably delayed scheduling the interview.[9] Summary judgment is granted on both grounds.

Mandamus relief is not available to compel the scheduling of an interview. *Su*, 698 F. Supp. 3d at 1175 (collecting cases); *Ou v. Johnson*, No. 15-CV-03936-BLF, 2016 WL 7238850, at *2 (N.D. Cal. Feb. 16, 2016) (same). Under the APA, the issue is whether the defendants have unreasonably delayed in performing their duty. *Vaz*, 33 F.4th at 1135. Courts consider the factors in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*). *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (applying *TRAC*). Those factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80. The first factor is the most important, but it is not determinative, and in this circuit, courts must consider each factor. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). The period of delay is from the last government action to the issuance of the decision. *Nusrat v. Blinken*, No. CV 21-2801 (TJK), 2022 WL 4103860, at *6 n.6 (D.D.C. Sept. 8, 2022). Here, that is from July 2021 to the present, approximately four years.

The *TRAC* factors — considering a delay from July 2021 to now — favor the defendants.

The first TRAC factor — the agency's two-track system prioritizing recently filed applications

[9] Mot. – ECF No. 20 at 17–28.

and the oldest cases — is a sufficient rule of reason because it discourages frivolous filings and addresses the backlog. *Su*, 698 F. Supp. 3d at 1177 (collecting cases). In addition, delays of four years or less are not unreasonable under the APA. *Ou*, 2016 WL 7238850, at *3 (collecting cases); *Su*, 698 F. Supp. 3d at 1178 (delays of over five years can be reasonable).

The second TRAC factor is at least neutral: Congress has provided a clear timetable for processing asylum applications. *Su*, 698 F. Supp. 3d at 1177–78.

Factors three and five — which overlap and concern whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay — favor the defendants. *Id.* at 1178–79. Prejudice is inherent in the asylum process. *Teymouri v. U.S. Citizenship & Immigr. Servs.*, No. CV 22-7689 PA (JCX), 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022). The plaintiff, who has not identified any risk to his health or welfare, can work and remain in the U.S. pending adjudication of his petition. *Su*, 698 F. Supp. 3d at 1178–79 (collecting cases); *Dang v. Mayorkas*, No. 23-cv-02212-LB, 2023 WL 8007993, at *4 (N.D. Cal. Nov. 17, 2023).

The fourth factor — the agency's competing priorities in the form of other asylum applicants — favors the defendants too, at least when the length of delay has not reached four or five years. Relief in the form of moving the plaintiff to the head of the queue would not reduce the backlog and would favor the plaintiff's later application at the expense of earlier applicants. *Su*, 698 F. Supp. 3d at 1179 (collecting cases); *Ou*, 2016 WL 7238850, at *4 (same).

The sixth factor is agency impropriety, which the plaintiff has not alleged.

In sum, the *TRAC* factors favor the defendants and warrant summary judgment.

## CONCLUSION

The court grants the defendants' motion for summary judgment and will separately issue a judgment. This resolves ECF No. 20.

**IT IS SO ORDERED.**

Dated: September 24, 2025



LAUREL BEELER
United States Magistrate Judge